APPEL, Justice
(concurring specially).
I join in the. court’s opinion but write separately to emphasize why. The court’s *150 opinion leaves the door ajar, at least in theory, that a juvenile offender might be sentenced to a lengthy adult minimum sentence. But, as we have now repeatedly stated, “children are constitutionally different” when it comes to sentencing for crimes. State v. Null, 836 N.W.2d 41, 65 (Iowa 2013) (quoting Miller v. Alabama, 567 U.S. 460, 470-72, 132 S.Ct. 2455, 2464, 183 L.Ed.2d 407 (2012)); accord State v. Seats, 865 N.W.2d 545, 556 (Iowa 2015); State v. Lyle, 854 N.W.2d 378, 395 (Iowa 2014). The multifactored Miller test, as shaped by this court, powerfully drives the analysis toward a finding that children are constitutionally different and therefore, as a general proposition, juvenile offenders cannot be sentenced to mandatory adult minimums.
Although we have not expressly said so, the State in theory may overcome these factors by presenting what amounts to a case of psychopathy demonstrating, among other things, resistance to change and a stunting of the ordinary maturation process. But so far, psychopathy measures during adolescence that have been developed by experts have unacceptable false positive rates when used to make individualized predictions. See Thomas Grisso & Antoinette Kavanaugh, Prospects for Developmental Evidence in Juvenile Sentencing Based on Miller v. Alabama, 22 Psychol., Pub. Pol'y, & L. 235, 240 (2015). According to a recent comprehensive review of the literature, available measures of psychopathy in adolescents “have not established a sufficiently high level of stability ... to warrant testimony about whether a youth has a psychopathic personality disorder.” Id. (quoting Gina M. Vincent et al., Juvenile Psychopathy: Appropriate and Inappropriate Uses in Legal Proceedings in APA Handbook of Psychology and Juvenile Justice 219 (Kirk Heilbrun et al., eds., 2016)).
As a result, I do not think as a practical matter there is much difference between the court’s approach and the categorical approach in State v. Siveet, 879 N.W.2d 811, 839 (Iowa 2016). The seventeen and one-half-year mandatory sentence in this case is less draconian than a life-without-the-possibility-of-parole sentence in Sweet, but the crimes are less serious, too. Although the stakes are lower, I think there are solid reasons to extend the categorical approach of Sweet to this case. Once again, of course, such an approach would not be an entitlement to early release, but only to a meaningful opportunity to show rehabilitation prior to the expiration of a seventeen and one-half-year mandatory sentence.
Nonetheless, for now I join the court’s opinion. If implementation of this decision proves inconsistent, confusing, difficult, or unworkable, the obvious solution would be to move to the analysis in Sweet and categorically eliminate the application of adult mandatory minimum sentences to juvenile offenders.
Wiggins, J., joins this special concurrence.